IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:12-CV-47-D

| | |
|---|---|
| RUTH J. LIGON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon the parties' Motions for Judgment on the Pleadings. (DE's-30 & 32). No responses or replies have been filed, and the time for doing so has expired. Accordingly, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter has been referred to the undersigned for the entry of a Memorandum and Recommendation. (DE-34). For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-30) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-32) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**Statement of the Case**

Plaintiff applied for disability insurance benefits on October 4, 2006, alleging disability beginning April 12, 2006. (Tr. 15). Her claim was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ") who determined that Plaintiff was not disabled in a decision dated February 3, 2010. *Id.* at 15-22. The Social Security

Administration's Office of Disability Adjudication and Review denied Plaintiff's request for review on April 14, 2011. Id. at 6. Therefore, the ALJ's February 3, 2010 determination is Defendant's final decision. Plaintiff filed the instant action on April 25, 2012. (DE-6).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

However, before a court can determine whether a decision is supported by substantial

2

evidence, it must ascertain whether Defendant has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See*, Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439-440 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). Without an analysis of all evidence and a sufficient explanation of the weight given to obviously probative exhibits, it is not possible to determine if the ALJ's decision is supported by substantial evidence. Arnold v. Secretary of Health, Ed. and Welfare, 567 F.2d 258, 259 (4th Cir. 1977). Remand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision. Ivey v. Barnhart, 393 F. Supp. 2d 387, 390 (E.D.N.C. September 29, 2005)(*Citing*, Murphy v. Bowen, 810 F.2d 433, 438 (4th Cir. 1987)).

## **Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. ' 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. ' 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. ' 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. ' 404.1520(e); 20 C.F.R. ' 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. ' 404.1520(f).
>
> Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the sequential evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 12, 2006. (Tr. 17). At step two, the ALJ found that Plaintiff had the following severe impairments: 1) fibromyalgia; 2) sleep apnea; 3) status post lumbar laminectomy; and 4) major depression. *Id*. However, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* at 18. Next, the ALJ determined that Plaintiff had the residual functional capacity to perform medium work "except for the need to avoid work around unprotected heights and dangerous machinery." *Id*. at 20. The ALJ then determined that Plaintiff was capable of performing her past relevant work. *Id*. at 21-22. Based on these findings, the ALJ determined that Plaintiff had not been under a disability from April 12, 2006 through February 3, 2010. *Id.* at 22.

**The ALJ did not properly address the opinion of Dr. Michael Nunn**

The undersigned recommends remand because the ALJ did not properly address the medical opinions of Dr. Michael Nunn. Dr. Nunn is a board certified psychiatrist, and consistently assessed Plaintiff with Global Assessment of Functioning scores indicating at least moderate to serious symptoms. *Id*. at 318-333; 472-482; 525-565; 597-667. He also consistently diagnosed Plaintiff with chronic pain and/or fibromyalgia. *Id*. Dr. Nunn repeatedly opined that Plaintiff was "unemployable" or "unable to continue work." *Id*. at 318, 321, 325, 326, 327, 330, 333, 484, 624.

Plaintiff demonstrated increased depressive features, including suicidal thoughts, on June 13, 2006. *Id*. at 326. Dr. Nunn stated on July 18, 2006 that Plaintiff was in "a vicious cycle of anxiety and pain." *Id*. at 324. Her attention and concentration were impaired, and her insight and judgment were poor. *Id*. On September 1, 2006, Plaintiff's mood was "anxious with

4

depressive symptoms" and she had poorly organized thoughts. *Id.* at 321. Plaintiff had "increasing depression" on January 30, 2007. *Id.* at 479. It was noted that Plaintiff had "pain daily, which affects her function greatly." *Id.* On February 13, 2007, Dr. Nunn stated that Plaintiff's sleep was poor and that her anxiety was high. *Id.* at 478. Dr. Nunn indicated that Plaintiff continued to have "bouts of depression" on April 13, 2007. *Id.* at 474. Plaintiff's pain had "increased significantly", and her depression was increasing on April 27, 2007. *Id.* at 473. Plaintiff exhibited "severe depression" and was experiencing significantly increased pain on May 1, 2007. *Id.* at 638. On November 20, 2007, Plaintiff demonstrated increased pain and poor ambulation. *Id.* at 625. Dr. Nunn stated that Plaintiff had "trouble walking due to pain" on March 18, 2008. *Id.* at 621. On January 13, 2009, Plaintiff had increased pain. *Id.* at 607. During an August 25, 2009 examination, Plaintiff stated that she was "getting worse." *Id.* at 597.

On May 10, 2007, Dr. Nunn stated that Plaintiff had: 1) arthritis and fibromyalgia with chronic severe pain; 2) extreme fatigue and lack of energy; and 3) severe depression which affected her cognitive function. *Id.* at 484. He opined that Plaintiff would require frequent periods of rest throughout the day. *Id.* Likewise, Dr. Nunn noted that "[a]ny activity adversely affects her current condition by increasing the pain and causing extreme fatigue and weakness with overwhelming depression." *Id.* Based on these findings, Dr. Nunn stated that Plaintiff "would not be able to maintain employment and is permanently and completely disabled." *Id.*

Likewise, on September 7, 2009, Dr. Nunn stated that Plaintiff had been diagnosed with major depression and fibromyalgia. *Id.* at 727. Dr. Nunn noted that Plaintiff had: 1) poor attention and concentration; 2) reduced motivation; 3) anhedonia; 4) poor task completion; and 5) difficulty interacting with others. *Id.* He also indicated that Plaintiff's pain restricted her mobility. *Id.* Finally, Dr. Nunn opined that Plaintiff was unable to perform repetitive motions

5

with her arms and legs, and could not crawl, squat, or climb. *Id*. Based on these findings, Dr. Nunn determined that Plaintiff could not "work[] a normal day." *Id*.

With regard to Dr. Nunn's opinions, the ALJ made the following findings:

> From a psychological standpoint, the claimant has had a long history of treatment with Dr. Nunn beginning in 2003 and in that time has had periods of improvement. Not only did the claimant continue to work until April 2006, but on January 4, 2006, the claimant reportedly had improved mood and affect, and more stable sleep. (Exhibit 6F) She was also described to have "crying episodes not as frequent" and "more able to work in a structured setting". (Exhibit 6F, p. 23)
>
> Subsequent reports also show exacerbation of her symptoms due to situational stressors resulting from conflicts with her supervisors and co-workers. Thus, on April 17, 2006, Dr. Nunn noted "the patient is now out of work and beginning to improve. Removing her from the work environment has been helpful in beginning her recovery". (Exhibit 6F, p. 14) This statement would suggest the claimant had difficulty with her job situation as opposed to working altogether . . .
>
> . . . As for the opinion evidence, the undersigned has considered multiple statements from Dr. Nunn at Exhibits 16F and 18F essentially concluding based on claimant's problems "she would not be able to maintain employment and is permanently and completely disabled". (Exhibit 16F, p. 1). These assessments appear to [be] highly sympathetic towards to the claimant and contradict evidence of improvement with treatment.
>
> *Id.* at 18, 21.

An ALJ must generally give more weight to the opinion of a treating physician because that doctor is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. 20 C.F.R. § 404.1527(d)(2). However, "[c]ircuit precedent does not require that a treating physician's testimony 'be given controlling weight.'" Craig, 76 F.3d at 590 (*quoting* Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)). In fact, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Id. See also*, Mastro, 270 F.3d at 178 (explaining "the ALJ

6

holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence") (citation omitted); Wireman v. Barnhart, 2006 WL 2565245, * 8 (W.D.Va. Sept. 5, 2006) (stating an ALJ "may, under the regulations, assign no or little weight to a medical opinion, even one from a treating source . . . if he sufficiently explains his rationale and if the record supports his findings"); 20 C.F.R. § 404.1527(d)(3).

When the ALJ does not give the opinion of a treating physician controlling weight, the ALJ must weigh the opinion pursuant to the following non-exclusive list: 1) the length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship between the physician and the claimant; 3) the supportability of the physician's opinion; 4) the consistency of the opinion with the record; and 5) whether the physician is a specialist. 20 C.F.R. § 404.1527. *See also*, Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005). The ALJ is not required to explicitly discuss each of these factors in his decision. Warren v. Astrue, 2009 WL 1392898, at *3 (E.D.N.C. May 18, 2009). Nonetheless, the ALJ's decision "must contain specific reasons for the weight given to the treating source's medical opinion, supported by substantial evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." S.S.R. 96–2p, 1996 WL 374188, at *5. *See also*, Farrior v. Astrue, 2011 WL 3157173, * 4 (E.D.N.C. June 1, 2011), *Report and Recommendation Adopted by*, Farrior v. Astrue, 2011 WL 3157150 (E.D.N.C. July 26, 2011).

Here, Plaintiff had a lengthy treatment relationship with Dr. Nunn, and Dr. Nunn is a board certified psychiatrist. His treatment notes, while describing some periods of improvement, were consistent in their description of Plaintiff's symptoms. Even considering that the ALJ is not required to explicitly discuss the factors discussed above, the ALJ's analysis was insufficient.

For example, the ALJ's observation that Plaintiff had periods of improvement, without more, adds little to the analysis. Plaintiff also had periods when her symptoms worsened, and she was consistently assessed with moderate to severe symptoms by Dr. Nunn, even during periods of improvement. Furthermore, the ALJ frequently refers to medical records that fall outside the relevant time period. While these records are not irrelevant, citation to them does not adequately explain the ALJ's reasons for rejecting Dr. Nunn's opinions with regard to the period in question. Finally, the ALJ's observation that Dr. Nunn's assessments "appear to [be] highly sympathetic to the claimant . . ." explains little. Indeed that statement appears to substitute his untrained medical opinion for that of a medical professional. *See*, Bonds v. Astrue, 2012 WL 4026561, * 5 (E.D.Va. August 22, 2012)("By independently examining the objective medical evidence, but rejecting all of the physicians' opinions contained in the record, the ALJ essentially substituted his own medical opinion for those of [Plaintiff's] doctors"). In short, the undersigned finds that the ALJ did not provide specific reasons supported by substantial evidence when explaining why he gave Dr. Nunn's opinions less than controlling weight. *See*, Carpenter v. Astrue, 2012 WL 2525602, *4 (E.D.N.C. May 30, 2012), *Report and Recommendation Adopted by*, 2012 WL 2525245 (June 29, 2012); Davis v. Astrue, 2012 WL 5879436 (D.S.C. November 6, 2012).

In addition, while it is clear that Dr. Nunn's opinions were not deemed controlling by the ALJ, it is not clear what specific weight they were given. *See*, Abbott v. Astrue, 2012 WL 761587, * 6 (D.S.C. March 8, 2012)("Without knowing specifically the weight accorded to [medical] opinions . . . this court is unable to properly apply the substantial evidence test to the ALJ's decision to discredit, or possibly disregard entirely, [them] . . ."). "Unless the [Commissioner] explicitly indicates the weight given to all the relevant evidence, [a district

8

court] cannot determine on review whether the findings are supported by substantial evidence." Myers v. Califano, 611 F.2d 980, 983 (4th Cir. 1980). *See also*, Harmon v. Apfel, 103 F.Supp.2d 869, 873 (D.S.C. July 5, 2000). The ALJ's discussion does not satisfy this requirement.

**Conclusion**

For the reasons discussed above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-30) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-32) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the foregoing directives.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Wednesday, May 01, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE